JIM STUBBLEFIELD v. THE STATE.

No. 7706. Decided October 17, 1923.

**1.—Manufacturing Intoxicating Liquor—Search and Seizure.**

Appellant's contention directed against the admissibility of the testimony of the sheriff as to what he saw and found on appellant's premises have all been settled against him. Following Welchek v. State, 93 Texas Crim. Rep., 271.

**2.—Same—Particeps Criminis—Rule Stated.**

The mere presence of one at the place where a crime is being committed by another will not make the former an accomplice and the fact that the State's witness remained in the room while the condensed liquor was filling the jar did not make him a *particeps criminis*.

Appeal from the District Court of Houston. Tried below before the Honorable W. R. Bishop.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Moore & Ellis* for appellant.

*Grover C. Morris,* Assistant Attorney General, for the State. Cited, cases in opinion.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Houston County of manufacturing intoxicating liquor in violation of law, and his punishment fixed at one year in the penitentiary.

The sheriff of Houston County was the only State witness. He testified that on the occasion in question he went to the home of appellant and after looking through the window and observing the process of manufacturing whisky in progress in the kitchen he went into the room upon appellant's invitation and remained in there for some little time. A boiler was on the stove over a fire. Steam from this boiler was conveyed by a worm extending through a trough of water and from the end of the worm the finished product,—whisky,—was dripping into a jar. While the sheriff was there this jar ran practically full. A search of the premises disclosed the presence of seven quarts of whisky. The testimony showed the liquor so made to be intoxicating.

Appellant's contention directed against the admissibility of the testimony of the sheriff as to what he saw and found on appellant's premises, have all been settled against him in Welchek v. State, 93 Texas Crim. Rep., 271, 247 S. W. Rep., 524.

Appellant contends that by remaining in the room while the condensed liquor was filling the jar, the sheriff became *particeps criminis* to the unlawful manufacture thereof and that his testimony should have been treated as that of an accomplice by the trial court and jury. We regard that we cannot agree with learned counsel for appellant in this contention. Mere presence of one at the place where a crime is being committed by another will not make the former an accomplice. There must be criminal connection with the crime on trial before the question of accomplice can be raised. Many authorities are cited by Mr. Branch under Sec. 702 of his Annotated P. C., sustaining this proposition.

The evidence amply supported the verdict, and finding no error in the record an affirmance will be ordered.

*Affirmed.*